## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MAURICE MOORE,**

               **Plaintiff,**              **CIVIL ACTION NO. 12-CV-14783**

        **vs.**                    **DISTRICT JUDGE MATTHEW F. LEITMAN**

                                      **MAGISTRATE JUDGE MONA K. MAJZOUB**

**CARMEN PALMER, et al.,**

               **Defendants.**

_____/

### OPINION AND ORDER GRANTING THE PARTIES' JOINT
### MOTION TO DISMISS DEFENDANT BETTY GOODSON WITHOUT PREJUDICE
### AND TO EXTEND SCHEDULING ORDER DATES PURSUANT
### TO THE PARTIES' DISCOVERY PLAN [59]

Plaintiff Maurice Moore, currently a prisoner at the Kinross Correctional Facility in Kincheloe, Michigan, filed this action under 42 U.S.C. § 1983 against 28 named defendants and 20 John Doe Defendants, all 48 of which are related to the Michigan Department of Corrections, alleging "that he sustained injuries during his incarceration as a result of attacks by inmates affiliated with the Latin Counts gang, despite [his] warnings and please for protection." (*See* docket no. 1; docket no. 59 at 4.) Plaintiff is represented by counsel, and although he filed his Complaint on October 29, 2012, Plaintiff has been unable to properly serve Defendant Betty Goodson. (*See* docket no. 59.) Before the Court is a Joint Motion to Dismiss Defendant Betty Goodson Without Prejudice and to Extend Scheduling Order Dates Pursuant to Parties' Discovery Plan. (Docket no. 59.) All pretrial matters have been referred to the undersigned for consideration. (Docket no. 34.) The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The Motion is now ready for ruling.

1

## I.      Dismissal of Defendant Betty Goodson Without Prejudice

Pursuant to Fed. R. Civ. P. 41, a plaintiff may voluntarily dismiss an action "without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1)(A).  Moreover, a court is to allow parties to amend their pleadings freely "when justice so requires." Fed.R.Civ.P. 15(a)(2). "A court may deny leave to amend when a party unnecessarily delayed in seeking amendment, thereby []causing prejudice to the other party or unduly delaying the litigation." *Id.* (citation omitted).  Through their Motion, the Parties stipulate to the dismissal of Ms. Goodson without prejudice.  Moreover, the Court finds no reason to deny the request and will, therefore, grant the parties Joint Motion and dismiss Defendant Betty Goodson without prejudice.[1]

## II.     The Parties' Scheduling Order

In connection with the Parties' request to dismiss Defendant Goodson, they note that Ms. Goodson's status in the case had been delaying their meeting to discuss a discovery plan under Fed. R. Civ. P. 26(d).  Thus, proceeding under the apparent assumption that the Court would grant their request to dismiss Ms. Goodson, the parties agreed to the following discovery schedule:

| | | |
|---|---|---|
| i. | Initial disclosures: | May 20, 2014 |
| ii. | General Discovery Cutoff: | August 19, 2014 |
| iii. | General Discovery Motion Cutoff: | September 1, 2014 |
| iv. | Expert Discovery Cutoff: | September 22, 2014 |
| v. | Dispositive Motion Deadline: | November 3, 2014 |
| vi. | Settlement Conference: | Week of Nov. 15-19, 2014. |

(Docket no. 59 at 5.)  Under the Court's current scheduling order, discovery closed in January 2014,

---

[1]The undersigned orders this dismissal pursuant to 28 U.S.C. § 636(b)(1)(A), as the Court need only proceed with a Report and Recommendation for a dismissal under § 636(b)(1)(B) where the dismissal is involuntary.  *See* 28 U.S.C. § 636(b)(1)(A).

and the time for dispositive motions lapsed in February 2014.  (*See* docket no. 44.)

As the Parties note, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(a)(b)(4). And "[i]n deciding whether the 'good cause' standard is met, it is . . . important to consider 'whether the opposing party will suffer prejudice' due to the schedule modification." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (quoting *Inge v. Rock Fin. Corp*, 281 F.3d 613, 635 (6th Cir. 2002)).  Considering the Parties' diligent efforts to serve Ms. Goodson and their inability to do so, the Court finds that Ms. Goodson's unserved status in this matter was good cause for failure to move forward with the original discovery schedule. Moreover, because the Parties have filed this Motion jointly, the Court finds that there is no prejudice to either party if the Motion is granted.  The Court will, therefore, grant the Parties' Joint Motion.  The Court notes, however, that it has been nearly four months since the Parties filed their Motion.  Thus, should the parties require additional time to complete discovery, the Court will entertain an appropriate motion.

**IT IS THEREFORE ORDERED** that the Parties Joint Motion to Dismiss Defendant Betty Goodson Without Prejudice and to Extend Scheduling Order Dates Pursuant to Parties' Discovery Plan [59] is **GRANTED**, and the following schedule is adopted:

| | | |
|---|---|---|
| i. | Initial disclosures: | May 20, 2014 |
| ii. | General Discovery Cutoff: | August 19, 2014 |
| iii. | General Discovery Motion Cutoff: | September 1, 2014 |
| iv. | Expert Discovery Cutoff: | September 22, 2014 |
| v. | Dispositive Motion Deadline: | November 3, 2014 |
| vi. | Settlement Conference: | Week of Nov. 15-19, 2014. |

**IT IS FURTHER ORDERED** that Defendant Betty Goodson is **DISMISSED** from this matter **WITHOUT PREJUDICE**.

3

**NOTICE TO THE PARTIES**

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: September 4, 2014          s/ Mona K. Majzoub                                    
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: September 4, 2014          s/ Lisa C. Bartlett                    
                                  Case Manager

4