UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE MOORE,

    Plaintiff,

v.

CARMEN PALMER *et al.*,

    Defendants.

_____/

Case No. 12-cv-14783
Hon. Matthew F. Leitman

**<u>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EXTRANEOUS FACTS, ARGUMENT OR REFERENCES TO THE PLAINTIFF'S CRIMINAL HISTORY, PRIOR BAD ACTS OR FINDINGS OF MISCONDUCT, OR REFERENCES TO THE DISMISSAL OF PRIOR DEFENDANTS (ECF #98)</u>**

Plaintiff Maurice Moore ("Moore") is a former inmate of the Michigan Department of Corrections ("MDOC"). Moore asserts that Defendants violated his Eighth Amendment rights by failing to protect him while being aware of threats against his safety while he was incarcerated in the MDOC. (*See* Compl., ECF #1.) On November 20, 2015, Plaintiff filed a "Motion in Limine to Exclude Extraneous Facts, Argument or References to the Plaintiff's Criminal History, Prior Bad Acts or Findings of Misconduct, or References to the Dismissal of Prior Defendants" (the "Motion in Limine to Exclude Extraneous Facts"). (*See* ECF #98.)

On March 6, 2018, the Court held a final pretrial conference in this matter in which it heard argument on the Motion in Limine to Exclude Extraneous Facts.

For the reasons stated on the record at the hearing on March 6, 2018, **IT IS HEREBY ORDERED THAT** the Motion in Limine to Exclude Extraneous Facts (ECF #98) is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. The Motion in Limine to Exclude Extraneous Facts is **GRANTED** to the extent it seeks to exclude the admission of the "Special Problem Offender Notice(s)" ("SPONs") listed as Defendants' proposed Exhibits 4, 5, 6, and 7, as identified on ECF #144 at Pg. ID 1825. However, Defendants may present testimony (1) explaining the purpose and use of SPONs at the MDOC's facilities and (2) detailing the number of SPONs in Plaintiff's MDOC file and the respective dates and associated locations of those SPONs.

   b. The Motion in Limine to Exclude Extraneous Facts is **GRANTED** to the extent it seeks to exclude the admission of Defendants' proposed Exhibits 8, 9, 10, and 11, as identified on ECF #144 at Pg. ID 1825.

   c. The Motion in Limine to Exclude Extraneous Facts is **DENIED** to the extent is seeks to exclude the admission of Defendants' proposed Exhibit 12, as identified on ECF #144 at Pg. ID 1825. However, if Defendant secures admission of Exhibit 12, the Court will provide a limiting instruction to the jury that the statements in the "STG Activity" section of Exhibit 12 cannot be considered for the truth of the matter

asserted but only as it relates to whether Defendants had knowledge of those statements.

d. The Motion in Limine to Exclude Extraneous Facts is **DENIED** to the extent it seeks to prevent all references to Plaintiff's alleged gang affiliation. As Court explained at the hearing, non-hearsay evidence concerning alleged gang affiliation may be properly admitted.

e. The Motion in Limine to Exclude Extraneous Facts is **GRANTED** to the extent it seeks to prevent Defendants from (1) referring to claims that were previously dismissed in this action or (2) identifying individuals as Defendants who were dismissed from this action.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 7, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 7, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764